RECEIVED
2005 AUG -2 P 4: 35
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT AL.

FILED
AUG - 3 2005
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. NO. __2:05CR167-T__ |
| v. | ) | [18 U.S.C. 1341; |
| | ) | 18 U.S.C. 2] |
| WAYNE AUGUST NICKOLS | ) | |
| | ) | INFORMATION |

## COUNT 1

The United States Attorney for the Middle District of Alabama charges:

1. At all times material to this Information:

    a. The Montgomery Housing Authority ("MHA") was an agency of the City of Montgomery that provides public assistance housing for low income families.

    b. Defendant WAYNE AUGUST NICKOLS had one or more business entities through which he entered into agreements with MHA for the provision of goods and services, including information booklets, moving services, emergency dialers, and storage facilities.

    c. An individual indentified herein as the "MHA Employee" was an employee of MHA.

2. From in or about 1994 through in or about October 2001, in the Middle District of Alabama, and elsewhere, the defendant

WAYNE AUGUST NICKOLS,

did devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, which scheme and artifice is described in substance below.

3. It was a part of the scheme and artifice that, between approximately 1994 and continuing through approximately October 2001, NICKOLS caused MHA to pay NICKOLS inflated, excessive, and above-market sums for NICKOLS to provide MHA with information booklets, moving services, emergency dialers, and storage facilities. As a result, NICKOLS received a total of $243,280 from MHA.

4. It was a further part of the scheme and artifice that, between approximately 1994 and continuing through approximately October 2001, NICKOLS gave cash and other things of value totaling approximately $40,000 to the MHA Employee to induce the MHA Employee to cause MHA to maintain improper business arrangements with NICKOLS.

5. It was a further part of the scheme and artifice that NICKOLS created and submitted to MHA a false and forged bid for the provision of storage facilities for the Authority from a legitimate business in Montgomery, Alabama.

6. It was a further part of the scheme and artifice that, in or about January 2001, in order to create the false appearance of competitive bidding for a contract to provide emergency dialers to senior citizens, (a) NICKOLS requested that a legitimate business in Williamsport, Pennsylvania provide NICKOLS with a proposal to provide the emergency dialers to NICKOLS, and (b) after receiving the proposal, NICKOLS altered the proposal and submitted it to MHA to make it falsely appear as if the Williamsport business were making a proposal to provide the emergency dialers to MHA.

7.      On or about January 17, 2001, in the Middle District of Alabama, and elsewhere, the defendant

WAYNE AUGUST NICKOLS

for the purpose of executing the above described scheme and artifice, did knowingly take and receive from the Postal Service a letter dated January 17, 2001, mailed from Williamsport, Pennsylvania to NICKOLS in Montgomery, Alabama, namely, the proposal described in paragraph 6(a) of this Information, in violation of Title 18, United States Code, Sections 1341 and 2.

LEURA GARRETT CANARY
United States Attorney

Andrew O. Schiff
Assistant United States Attorney