IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05cr167-T |
| | ) | |
| WAYNE AUGUST NICKOLS | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:            Susan James

ASSISTANT U.S. ATTORNEY:    Andrew O. Schiff

## COUNT AND STATUTES CHARGED

Count 1:      18 U.S.C. § 1341 (mail fraud)

## STATUTORY MAXIMUM PENALTIES

Sentence (per statutory provisions in effect as of January 2001): a term of imprisonment of not more than five years, and a fine of not more than $250,000, or both; a term of supervised release of not more than three years; an assessment fee of $100; and an order of restitution.

## ELEMENTS OF THE OFFENSE

First:      That the Defendant knowingly devised or participated in a scheme to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations or promises;

Second:     That the false or fraudulent pretenses, representations or promises related to a material fact;

Third:      That the Defendant acted willfully with an intent to defraud; and

Fourth:     That the Defendant used the United States Postal Service for the purpose of executing the scheme to defraud by mailing or by causing to be mailed some matter or thing or by receiving such a mailing.

*********************************************************************

Andrew O. Schiff, Assistant United States Attorney and Susan James, attorney for the defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Information and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and will proceed to trial.

## GOVERNMENT'S PROVISIONS

1. For purposes of the calculation of defendant's offense level under the United States Sentencing Guidelines, the government agrees that:

   a. The Sentencing Guidelines in effect as of January 2001 are applicable.

   b. The base offense level is 6. See U.S.S.G. § 2F1.1(a).

   c. Because the loss is more than $200,000 but not more than $350,000, the base offense is increased by 8 levels. See U.S.S.G. § 2F1.1(b)(I).

   d. Because the offense involved more than minimal planning, the offense level is increased by 2 levels. See U.S.S.G. § 2F1.1(b)(2)(A).

   e. The 2-level decrease for acceptance of responsibility is applicable. See U.S.S.G. § 3E1.1(a).

   f. The government will move for an additional 1-level decrease based on defendant's timely notification of his intent to plead guilty. See U.S.S.G. § 3E1.1(b).

   g. No other adjustments to the offense level are applicable.

2. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

3. Should the defendant complete the defendant's obligations contained within the Cooperation Agreement as set forth herein, the Government will move at sentencing for a downward departure pursuant to U.S.S.G. § 5K1.1 to reflect the defendant's substantial assistance. In that motion, the Government will recommend a downward departure of three levels and agrees, with the defendant, that the appropriate sentence is a term of probation, with the first six months to be served in home confinement. Determination of whether the defendant has met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 5K1.1 is at the sole discretion of the United States, and, at the sole discretion of the United States, the recommended departure may be more than the above mentioned three levels if the defendant's substantial assistance reflects and/or merits such further departure.

## DEFENDANT'S PROVISIONS

1. The defendant, aware that the crime of mail fraud charged in the Information is punishable by imprisonment for more than one year, agrees to waive his right to prosecution by indictment.

2. Defendant agrees to plead guilty to Count 1 of the Information.

3. Defendant agrees with the calculation of the offense level as set forth in paragraph 1 of the Government's provisions.

4. Defendant agrees to cooperate fully with the Government as detailed in the Cooperation Agreement below.

5. Defendant agrees not to commit any other federal or state criminal offense while awaiting sentencing.

## COOPERATION AGREEMENT

1. The defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom the defendant may have knowledge at the grand jury, trial, or whenever called upon to do so. The defendant understands that this agreement requires the defendant to be truthful and to testify truthfully whenever called upon. The defendant agrees to be available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the Government upon reasonable request and to fully and truthfully respond to all questions asked of the defendant by law enforcement officers and attorneys for the Government.

2. The defendant agrees to fully and truthfully disclose to the Government everything the defendant knows about any and all documents and materials in the defendant's possession that relate to the violations charged in this Information and any other criminal violations in the Middle District of Alabama and elsewhere. The defendant agrees to submit to a polygraph examination conducted by the Government if requested to do so.

3. If the defendant has failed or should fail in any way to fulfill completely the defendant's obligations under this agreement, then the Government will be released from its commitment to honor all of its obligations to the defendant, without the defendant being allowed to withdraw the guilty plea. Thus, if at any time the defendant should knowingly and willfully withhold evidence from, or is found to have provided false information to, the Government investigators or attorneys prior to or during the defendant's testimony before grand juries or in trials, or fails to return to the Middle District of Alabama for any scheduled court appearance or any scheduled meeting with

law enforcement agents in the Middle District of Alabama, then the Government will be free: (1) to prosecute the defendant for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. Sections 1621, 1623, 1001, 1503); (2) to prosecute the defendant for all violations of federal criminal law which the defendant has committed; (3) to use against the defendant in all of those prosecutions and sentencing the information and documents that the defendant has disclosed or furnished to the Government during the course of the defendant's cooperation; (4) to recommend a maximum sentence; and, (5) to seek forfeiture of any and all forfeitable properties of the defendant. The parties agree to submit to the court, to be decided by a preponderance of the evidence standard, the question of whether defendant has breached this agreement.

## FACTUAL BASIS

The defendant admits the allegations charged in Count 1 of the Information and understands that the nature of the charge to which the plea is offered involves proof as follows:

The Montgomery Housing Authority ("MHA") was an agency of the City of Montgomery that provides public assistance housing for low income families. Defendant WAYNE AUGUST NICKOLS had one or more business entities through which he entered into agreements with MHA for the provision of goods and services, including information booklets, moving services, emergency dialers, and storage facilities. An individual indentified herein as the "MHA Employee" was an employee of MHA.

From in or about 1994 through in or about October 2001, in the Middle District of Alabama, and elsewhere, the defendant WAYNE AUGUST NICKOLS did devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises. In particular, between approximately 1994 and

continuing through approximately October 2001, NICKOLS caused MHA to pay NICKOLS inflated, excessive, and above-market sums for NICKOLS to provide MHA with information booklets, moving services, emergency dialers, and storage facilities. As a result, NICKOLS received a total of $243,280 from MHA. During this same period, NICKOLS gave cash and other things of value totaling approximately $40,000 to the MHA Employee to induce the MHA Employee to cause MHA to maintain improper business arrangements with NICKOLS. NICKOLS also created and submitted to MHA a false and forged bid for the provision of storage facilities for the Authority from a legitimate business in Montgomery, Alabama. Finally, in or about January 2001, in order to create the false appearance of competitive bidding for a contract to provide emergency dialers to senior citizens, (a) NICKOLS requested that a legitimate business in Williamsport, Pennsylvania provide NICKOLS with a proposal to provide the emergency dialers to NICKOLS, and (b) after receiving the proposal, NICKOLS altered the proposal and submitted it to MHA to make it falsely appear as if the Williamsport business were making a proposal to provide the emergency dialers to MHA. On or about January 17, 2001, NICKOLS received the proposal from the Williamsport business in the mail in Montgomery, Alabama.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the ground of ineffective assistance of counsel or prosecutorial misconduct. In return for the above

waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Information, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

1. The defendant, before entering a plea of guilty to Count 1 of the Information as provided for herein by said Plea Agreement, advises the Court that:

   a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

   b. Other than as provided for under Rule 11(c)(1)(C), *Federal Rules of Criminal Procedure*, the Defendant acknowledges that a breach of this Plea Agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

   c. The defendant further understands that, pursuant to Title 18, United States Code, Section 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing and submitting to the court or the government any financial

statements, the defendant is representing that the statement is true and accurate to the best of the defendant's information, knowledge, and belief.

  d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

  e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

  f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

  g. The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement

set forth herein is the result of prior discussions between the attorney for the government, and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

   h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

   i. The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the respective Court.

   j. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Information herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Information herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

   k. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

   2. The undersigned attorney for the government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered,

and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

       3.      The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court, may differ from that projected by defendant's counsel or the United States Attorney. In the event that the Court determines the defendant's offense level to be greater than level 8, the defendant will have the right to withdraw the plea on that basis.

This 12th day of August, 2005.

        Respectfully submitted,

        LEURA GARRETT CANARY
        UNITED STATES ATTORNEY

        _____
        Andrew O. Schiff
        Assistant United States Attorney

        _____
        Louis V. Franklin, Sr.
 &nbsn;      Chief, Criminal Division

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL.

_____
Wayne August Nickols
Defendant

_8/15/08_____
Date

_____
Susan James
Attorney for the Defendant

_8/15/05_____
Date